



**FILED**

OCT 19 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                          Case No. 09-16160-A-13

Juan Enrique Hurtado,

                    Debtor.

_____/

Patti Jones,                                   Adv. No. 11-1102

                                               BPM-029

                    Plaintiff,

         vs.

Juan Enrique Hurtado,

                    Defendant.

_____/

**MEMORANDUM**

1

Defendant Juan Hurtado ("Hurtado") moves for review of costs in the amount of $21,060.71 taxed by the Clerk of the Court in favor of Plaintiff Patti Jones ("Jones").  The court previously awarded Jones her litigation costs against Hurtado after Jones had prevailed against Hurtado at trial. The court grants the motion in part and denies the motion in part.

### Facts

Jones prevailed against Hurtado in their litigation of Jones's discharge-exception action.  Under the judgment that followed, Hurtado's prepetition debt to Jones of $363,089.32 was excepted from discharge under 11 U.S.C. § 523(a)(3).  Of that amount, $312,155.14 was also excepted from discharge under 11 U.S.C. § 523(a)(2)(A).  But Hurtado prevailed against Jones on her claim under 11 U.S.C. § 523(a)(4).  The court deemed Jones the prevailing party and awarded Jones her costs under Federal Rule of Bankruptcy Procedure 7054(b). *Jones v. Hurtado (In re Hurtado)*, Adv. No. 11-1102, 2015 WL 2399665 (Bankr. E.D. Cal. May 18, 2015).

Jones timely filed and served a bill of costs for $21,060.71. When Hurtado failed to object, the Clerk taxed Jones's costs to Hurtado in the entire amount requested but did not give the parties notice of such action.  Thereafter, Hurtado filed the present motion.[1] His motion requests review of: (1) costs in the amount of $2,657.45

---

[1] Though Hurtado labels his request as a "Motion to Strike Certain Costs Awarded to Plaintiff," this court deems it to be a request for de novo review under Federal Rule of Bankruptcy Procedure 7054(b) and the federal district court's Local Rule of Practice 292(e).

2

associated with Jones's deposition of Hurtado;[2] (2) PACER costs of

$52.00 incurred by Jones; (3) PACER costs incurred by Jones's former

counsel, Kevin Cauley ("Cauley") of $5.76; (4) expert witness costs

of $14,360.50 for Paul Joelson and Matt Heintschel; (5) travel and

meal costs of $1,726.14 for both Jones and Jones's counsel Scott

Burton ("Burton") to attend trial;[3] (6) telephonic appearance charges

of $257.60 incurred by Cauley; (7) copy charges of $929.83 for

Jones's copying records of Hurtado's Urban Design Concepts Company

("URDECO"); and (8) color copy charges of $507.38 (for six pages) for

architectural plans, two of which were used at trial.  Jones opposes

the motion, arguing that it is untimely.

### Jurisdiction

This court has jurisdiction.  *See* 28 U.S.C. §§ 1334, 157(a); 11

U.S.C. § 523; General Order No. 182 of the U.S. District Court for

the Eastern District of California.  That jurisdiction extends to

"all civil proceedings arising under title 11, or arising in or

related to cases under title 11."  28 U.S.C. § 1334(b).

Furthermore, adversary proceedings to except a debt from

discharge, and by extension motions to review costs taxed therein,

are core proceedings for which this court may enter final orders and

---

[2] Hurtado calculates this amount as $2,650.95.  Mem. P. & A. 3:28, filed June 28, 2015, ECF # 339.  But Hurtado erroneously understates hotel charges by $6.50.  *Compare* Mem. P. & A. 3:12 (describing the amount as $314.73), *with* Pl.'s Bill of Costs at p. 23, filed June 1, 2015, ECF # 316 (showing actual charges of $321.23).  Believing Hurtado intends to challenge the higher of these two charges, the court will consider this requested charge as $312.32 and address only the higher amount.

[3] $1,726.14 is comprised of impermissible costs of $1,258.15 and double-counted costs of $467.99.  Mem. P. & A. 6:16-18.

judgments.   *See* 28 U.S.C. § 157(b)(2)(i); *Carpenters Pension Trust Fund for N. Cal. v. Moxley*, 734 F.3d 864, 868 (9th Cir. 2013); *Deitz v. Ford (In re Deitz)*, 469 B.R. 11, 16 (9th Cir. BAP 2012), *aff'd*, 760 F.3d 1038 (9th Cir. 2014).   But even if this matter were deemed non-core, the parties consented to final adjudication of this action by this court, Status Conf. Hr'g, Sept. 25, 2014, which authorized this court to hear and to adjudicate finally this matter, *see* 28 U.S.C. § 157(c)(2); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015).

**Discussion**

**I.    Legal Standards**

The Court has discretion to award a prevailing party costs after an adversary proceeding to except a debt from discharge under 11 U.S.C. § 523(a)(2),(4), or (6).   *See* Fed. R. Bankr. P. 7054(b); *Hosseini v. Key Bank, N.A. (In re Hosseini)*, 504 B.R. 558, 564 (9th Cir. BAP 2014).

Ordinarily, the costs that may be taxed are specified by 28 U.S.C. § 1920.   Unless authorized by other statute or by contract, § 1920 defines and limits the types of costs that may be taxed. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440-42 (1987); *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001).   In the Bankruptcy Court for the Eastern District of California, § 1920 has been implemented by Local Rule 292.[4]   *See also Hosseini*, 504 B.R. at 564-65 (recognizing local rules

---

[4] Local Rule of Practice for the United States District Court, Eastern District of California, *incorporated by* LBR 1001-1(c).

4

as a source of authority for the allowance of the types of costs taxable under § 1920 and for the procedure to claim them).

Local Rule 292 defines the scope of costs that may be taxed: "(1) Clerk's fees (28 U.S.C. §§ 1914, 1920(1)); (2) Marshal's fees and fees for service by a person other than the Marshal under Fed. R. Civ. P. 4 to the extent that they do not exceed the amount allowable for the same service by the Marshal (28 U.S.C. §§ 1920(1), 1921); (3) Court reporter's fees (28 U.S.C. § 1920(2)); (4) Docket fees (28 U.S.C. §§ 1920(5), 1923); (5) Fees for exemplification and copies of papers necessarily obtained for use in the action (28 U.S.C. § 1920(4); (6) Fees to masters, receivers, and commissioners (Fed. R. Civ. P. 53(a)); (7) Premiums on undertaking bonds or security required by law or by order of the Court or necessarily incurred by a party to secure a right accorded in the action; (8) Per diem, mileage and subsistence for witnesses (28 U.S.C. § 1821); (9) Compensation of Court-appointed witnesses (28 U.S.C. §§ 1828, 1920(6)); (10) Costs on appeal taxable in the District Court pursuant to Fed. R. App. P. 39(e); and (11) Other items allowed by any statute or rule or by the Court in the interest of justice." L.R. 292(f).

## II.   Timeliness of Hurtado's Objection

Rule 292 contemplates a four-step procedure for taxing costs: (1) within 14 days of the entry of judgment, the prevailing party may file and serve a bill of costs; (2) the party from whom costs are sought may file an objection to the bill; (3) if no objection is filed, the Clerk of the Court may tax costs; and (4) within 7 days after notice that the Clerk has taxed costs, the party against whom costs are claimed may move for review of Clerk's action.  L.R.

292(b)-(e); *see also* Fed. R. Bankr. P. 7054(b)(1); Fed. R. Civ. P. 54(d)(1).

Here, Hurtado seeks review under Federal Rule of Bankruptcy Procedure 7054(b)(1). In this case, the Clerk of the Court never gave notice that costs had been taxed, so the 7-day limitation of Local Rule 292(e) never expired. As a result, Hurtado's motion for review of the Clerk's action in taxing costs is timely.[5]

## III. Costs Allowed and Disallowed

In deciding a motion to review costs taxed by the Clerk, the trial court reviews the matter de novo. Fed. R. Bankr. P. 7054(b)(1); Fed. R. Civ. P. 54(d)(1); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3rd Cir. 2000); *Sharon v. Yellow Freight Sys., Inc.*, 985 F. Supp. 1274, 1275 (D. Kan. 1997).

The prevailing party must itemize its costs with sufficient detail to establish that each expense is of the species taxable under § 1920. *Plantronics, Inc. v. Aliph, Inc.*, 2012 WL 6761576, at *3 (N.D. Cal. Oct. 23, 2012). Once established in this way, the costs are presumptively taxable. *Id.* And it is the responsibility of the losing party to demonstrate that the costs are either not taxable or are unreasonable in amount. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000).

### A. Deposition Costs

Hurtado argues that costs of $2,657.45[6] arising from Jones's deposing him were unnecessary because the deposition was never

---

[5] Even if it were untimely, the defect is not jurisdictional. *Baum v. United States*, 432 F.2d 85, 86 (5th Cir. 1970); *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994).

6

actually used at trial.  He also claims that such costs include

improper charges for travel, meals, and lodging associated with the

deposition.

Deposition transcripts are taxable provided they were

"necessarily obtained for use in the case."  28 U.S.C. § 1920(2);

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1184

(Fed. Cir. 1996); *Summit Tech., Inc.v. Nidek Co., Ltd.*, 435 F.3d

1371, 1380-81 (Fed. Cir. 2006).  "Assessing the necessity of a

transcript not used in a court proceeding is . . . troublesome.  The

costs of such a transcript may still be taxable when the deposition

appeared reasonably necessary to the parties at the time it was

taken. *Raio v. Am. Airlines, Inc.*, 102 F.R.D. 608, 611 (E.D. Pa.

1984). *See* 10 Charles Alan Wright et al., *Federal Practice &

Procedure* § 2676, at 341 (3d ed. 1998 & Supp. 2012) (the cost of a

deposition not actually used at trial may be taxed if the deposition

reasonably seemed necessary at the time it was taken).  Depositions

that merely assist discovery or are investigatory in nature, however,

generally are not taxable." *Ryther v. KARE 11*, 864 F. Supp. 1525,

1534 (D. Minn. 1994).

The deposition of Hurtado, the defendant in this adversary

proceeding, was not merely investigative.  Rather, Jones's deposing

Hurtado, her adversary, to ascertain the nature and extent of his

knowledge and memory, to discover facts essential or adverse to her

claims, and to pin him down to but a single story was critical to her

---

[6] The $2,657.45 is composed of $1,500 in court reporter's fees and
$1,157.45 for travel, meal, and lodging costs associated with taking
that deposition.

7

prosecution of the case.  Thus, the deposition reasonably would have seemed necessary at the time it was taken.  And the $1,500 court reporter's cost is reasonable and also taxable to Hurtado.

But travel, meals and lodging associated with a deposition are not taxable.  *U.S. Fidelity & Guar. Co. v. Shorenstein Realty Servs., L.P.*, 803 F. Supp. 2d 920, 925 (N.D. Ill. 2011); 10 Wright et al., *supra*, § 2676.  As a result, the travel, meal, and lodging costs associated with Jones's deposition of Hurtado are disallowed in the amount of $1,157.45.

### B. PACER Charges

Hurtado disputes Jones's attempt to tax him with her PACER costs of $57.76.[7]  The general rule is that computer legal research is not properly recoverable as a cost.  *InvesSys., Inc. v. McGraw-Hill Cos., Ltd.*, 369 F.3d 16, 22-23 (1st Cir. 2004).  That prohibition extends to PACER charges.  *Gordon v. Virtumundo, Inc.*, 2007 WL 2253296 (W.D. Wash. Aug. 1, 2007); *United Healthcare Servs., Inc.*, 2013 WL 5348460 (N.D. Cal. Sept. 24, 2013).  The court thus disallows Jones's PACER charges of $57.76 as a cost taxable to Hurtado.

### C. Expert-Witness Costs

Hurtado challenges Jones's expert-witness costs of $14,360.50 for experts Paul Joelson and Matt Heintschel.  But these experts did not testify at trial. And Jones does not request her costs for their depositions.

---

[7] PACER charges of $57.76 are aggregate charges from both Jones's present counsel, Burton, and her former counsel, Cauley.

8

The court may tax costs for court-appointed experts without a daily limitation on the amount. *See* 28 U.S.C. § 1920(6). For other expert witnesses, like fact witnesses, who must attend trial or be deposed, the court may tax costs at an attendance rate of $40 per day, as well as certain travel and subsistence expenses (e.g., lodging, meals and incidental expenses) for attending such trial or deposition. *See* 28 U.S.C. §§ 1821, 1920(3). "Section 1920(3) of Title 28 provides the general authority for awarding 'fees and disbursements for … witnesses.' Section 1821 of Title 28 governs the attendance, mileage, and subsistence allowance to be paid to witnesses who must appear at trial or be deposed." 10 Wright et al., *supra*, § 2678 (footnotes omitted).

Neither Joelson, nor Heintschel, were court-appointed. Thus costs under § 1920(6) are not permitted.

Furthermore, neither of them actually testified at trial.[8] "Expert witness fees for witnesses that do not appear in court are not an allowable cost under 28 U.S.C. § 1920." *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir. 1995); *see also* 10 Wright et al., *supra*, § 2678 (stating the general rule that no costs may be taxed for a witness who comes to the courthouse but does not testify at the trial given that the person was not a necessary witness and that this presumption may be overcome if an extrinsic circumstance rendered the testimony unnecessary); *accord Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) ("Because the expert witness did not

---

[8] Paul A. Joelson's testimony was excluded on Hurtado's motion. Civ. Mins., filed Jan. 5, 2015, ECF # 280.

9

testify, we find no clear abuse of discretion in the refusal to tax the witness fee."). Any costs associated with their coming to the courthouse are not allowed under § 1920(3) and § 1821 of Title 28.

Moreover, their expert fees are not the type of cost that is recoverable. *Coats*, 5 F.3d at 891 (citing 28 U.S.C. §§ 1821, 1920). And Jones does not seek recovery of costs for these experts' depositions. Therefore, the court disallows the requested expert-witness costs entirely in the amount of $14,360.50.

## D. Travel and Meal Costs for Attending Trial

Hurtado argues that Jones may not tax travel and meal costs for Burton, her attorney, to attend trial. Such amounts total $1,258.33.[9]

Parties may not recover their costs for attending trial. *Barber v. Ruther*, 7 F.3d 636, 646 (7th Cir. 1993); *Phillips v. Bartoo*, 161 F.R.D. 352, 355 (N.D. Ill. 1995) (defendant's lost income may not be taxed). Nor may they recover the costs of their counsel's attending trial. 28 U.S.C. § 1920 (no provision for recovery of attorneys' trial-attendance costs); *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir. 1996).

As a result, the costs Jones requests of $1,258.33 for travel to trial and for meals during trial are disallowed.

---

[9] Hurtado describes these amounts as totaling $1,258.15. Mem. P. & A. 6:16, filed June 28, 2015, ECF # 339. The Bill of Costs describes them as totaling $1,258.33 ($0.18 higher). The court assumes Hurtado means to object to this entire category of costs, so the court addresses the higher amount.

Hurtado also objects to costs of $467.99, which he contends are "double-counted." *See* Mem. P. & A. 6:18; Moquin Decl. ¶ 9, filed June 28, 2015, ECF # 338. Regrettably, Hurtado does not elucidate his contention, and the court has not been able to find such duplication. As a result, this part of the motion will be denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### E. CourtCall Costs

Hurtado challenges Jones's attempt to tax Cauley's CourtCall (telephonic appearance) costs of $257.60.  Telephonic appearance fees are not a type of cost authorized by Rule 7054(b)(1) and § 1920. Moreover, telephonic appearance fees are akin to courier, mail, telephone, telex, and fax costs, which are disallowed.  *El-Fadl v. Cent. Bank of Jordan*, 163 F.R.D. 389, 390 (D.D.C. 1995); *Duckworth,* 97 F.3d at 1399.  Accordingly, the court disallows such costs entirely.

### F. Costs of Copying Records in Related Case

Hurtado disputes Jones's ability to tax $929.83 for copying URDECO's subpoenaed bank records in a different but related case. Bill of Costs at p. 3, June 1, 2015, ECF # 316.  Rule 292(f)(5) authorizes recovery of costs for exemplification and costs of papers necessarily obtained "for use in this action."   Hurtado contends, and Jones does not dispute, that the copied documents pertained to a collateral action between the parties.  Moquin Decl. ¶ 11, June 28, 2015, ECF # 338.  As a result, these costs of $929.83 are disallowed.

### G. Costs of Color Copying Architectural Plans

Finally, Hurtado challenges the propriety of $507.38 of Jones's costs for copying architectural plans for use at trial.  Local Rule 292(f)(5) allows costs for exemplification and costs of papers necessarily obtained for use in this action.  This court reads exemplification broadly to include illustrative exhibits.  *Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988) (allowing costs of exhibits and other illustrative materials).

11

In this case, the copies of architectural plans were used to illustrate the testimony of Jones.   The court finds such costs are properly within the scope of allowable costs.   Such costs are allowed and taxed to Hurtado.

## Conclusion

For each of these reasons, the motion will be granted in part and denied in part.   The court awards Jones her costs in the amount of $3,039.24 against Hurtado.[10]   The court disallows all other costs in Jones's Bill of Costs.   The court will issue a separate order.

Dated: October 19, 2015

Fredrick E. Clement
United States Bankruptcy Judge

---

[10] To calculate this amount, the total costs requested by Jones in the amount of $21,060.71 are reduced by the costs disallowed by the court in the aggregate amount of $18,021.47.

12

1              Instructions to Clerk of Court

2                      Service List

3

4

5

6  The Clerk of Court is instructed to send the Order/Judgment or

7  other court generated document transmitted herewith to the

8  parties below.  The Clerk of Court will send the Order via the

9  BNC or, if checked ____, via the U.S. mail.

10

11      Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee

12  (if appointed in the case), and ____X_____ Other Persons

13  Specified Below:

14  Scott R. Burton, Esq.
    574 S. Rancho Santa Fe Rd.
15  San Marcos, CA 92078

16  Henry P. Friesen, Esq.
    7545 Irvine Center Dr. #200
17  Irvine, CA 92618

18  Patti M. Jones
    P. O. Box 9834
19  Rancho Santa Fe, CA 92067

20  Brian P. Moquin, Esq.
    3506 La Castellet Ct.
21  San Jose, CA 95148

22

23

24

25

26

27

28