NOT FOR PUBLICATION

FILED

NOV 06 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                              Case No. 09-16160-A-13

Juan Enrique Hurtado,

        Debtor.
_____/

Patti Jones,                                       Adv. No. 11-1102

        Plaintiff,

   vs.

Juan Enrique Hurtado,

        Defendant.
_____/

**MEMORANDUM**

Having prevailed in her discharge-exception action, plaintiff Patti Jones ("Jones") moves to recover from defendant Juan Hurtado ("Hurtado") attorney's fees of approximately $101,000.00 incurred in the action. She premises her motion on a phrase in a settlement agreement, which the parties entered before Hurtado filed bankruptcy and which formed the basis of Jones's § 523(a)(3) claim. In the phrase, Hurtado promised to repay Jones's legal fees, which were stated as "approximately $30,000 to date." Jones contends that this phrase constitutes an attorney's fees clause applicable to litigation of her claims in this court. But this phrase is not a fee-shifting clause applicable to enforcement or litigation of the settlement agreement itself. Instead, the phrase is a central component of the parties' bargained-for exchange in the settlement agreement whereby Hurtado promised to *repay* Jones attorney's fees that she had already incurred in the legal dispute leading up to the settlement. As a result, the court will deny the motion.

## FACTS

This motion for fees follows an adversary proceeding arising out of a construction dispute. Urban Design Concepts, Inc. ("URDECO") built custom and spec homes. It was owned by Hurtado and Eric Blossman ("Blossman"). Hurtado was a licensed contractor, under whose license URDECO constructed homes. As an inducement for Jones to enter a construction contract with URDECO to build Jones's custom home, Hurtado told Jones that her house plans, which had been drawn by a licensed architect, were not drawn in a workmanlike fashion, that he was a licensed architect, and that he would correct her house plans.

URDECO and Jones signed a Residential Construction Contract ("construction contract") whereby URDECO promised to build Jones's custom home in exchange for approximately $2.3 million dollars. The contract did not mention Hurtado's architectural license or promise to perform architectural services.

For approximately the next year, URDECO performed construction services on Jones's residence, and Hurtado made design changes to the home. Jones's relationship with URDECO was marked by disagreements and, eventually, URDECO and Jones parted ways. And Jones finished the home with another contractor but was forced to redo (at considerable expense) much of Hurtado's design work.

Dissatisfied with URDECO's work, Jones brought suit against URDECO, Hurtado, Blossman, and others. *Jones v. Urban Design Concepts, Inc.*, No. 37-2007-000054451-CU-JR-NC (Cal. Super. Ct. 2007). The state court action remains unresolved.

Soon after the action was filed, Jones and Hurtado met and negotiated a settlement ("settlement agreement"), which was confirmed by email but not further memorialized. The settlement agreement provided that (1) Hurtado would resolve all liens against Jones's residence; (2) Hurtado would indemnify Jones from all claims made by subcontractors; (3) Hurtado and Jones would work together to recover monies from three subcontractors; (4) Hurtado would repay a debt to Jones based on a deposit for cabinetry given to Kiesler Enterprises of $81,365 plus interest; (5) Hurtado would repay Jones's $125,000 deposit to URDECO; (6) Hurtado would repay "[Jones's] legal fees (approximately $30,000 to date), with interest"; (7) Hurtado and "other parties to the state court action" would stipulate to judgment

to enforce the settlement; and (8) Jones would grant Hurtado additional time to respond to pending matters in the state court action. Later, Hurtado reneged on the settlement.

## PROCEDURE

Unable to resolve his debt problems, Hurtado filed chapter 13 bankruptcy. Jones was not noticed in Hurtado's schedules and did not otherwise know of the bankruptcy until after the bar dates for claims and adversary proceedings.

Later, Jones filed this adversary proceeding to determine whether Hurtado owes a debt to Jones that should be excepted from discharge. Jones brought claims for (1) fraud under 11 U.S.C. § 523(a)(2) arising from Hurtado's misrepresentations that he was a licensed architect; (2) embezzlement under 11 U.S.C. § 523(a)(4) by Hurtado personally, or embezzlement by Blossman for which Hurtado was vicariously liable; and (3) failure by Hurtado to schedule the debt timely under 11 U.S.C. § 523(a)(3) resulting in lack of notice to Jones. Hurtado denied these claims and, particularly, denied personally owing Jones any money, noting that any debt owed to Jones was owed by URDECO.

After a 7-day trial, Jones prevailed against Hurtado on the claims based on the unscheduled-debt exception to discharge, 11 U.S.C. § 523(a)(3), and the fraud exception to discharge, 11 U.S.C. § 523(a)(2)(a). *Jones v. Hurtado (In re Hurtado)*, No. 11-1102, 2015 WL 2399665 (Bankr. E.D. Cal. May 18, 2015). As to the unscheduled-debt exception to discharge, the court ruled that the $363,089.32 debt Hurtado had assumed in the parties' settlement agreement was nondischargeable. As to the fraud exception to discharge, the court

4

found that $312,155.14 of the $363,089.32 assumed debt was also non-dischargeable under 11 U.S.C. § 523(a)(2)(A).

The court rendered judgment in favor of Jones on two of her claims, the § 523(a)(3) claim and the § 523(a)(2)(A) claim. But on Jones's § 523(a)(4) claim, the court rendered judgment in favor of Hurtado.

Hurtado moved for a new trial. But his request was denied. *Jones v. Hurtado (In re Hurtado)*, No. 11-1102, 2015 WL 5731273 (Bankr. E.D. Cal. Sept. 28, 2015). Hurtado has appealed both the judgment and the denial of his motion for a new trial.

Twenty-seven days after entry of judgment, Jones filed the present motion requesting attorney's fees of $101,389.63. Hurtado opposes the motion, arguing that Jones filed the motion untimely, failed to specify the basis for awarding fees, and lacks entitlement to recover fees.

## JURISDICTION

This court has jurisdiction. *See* 28 U.S.C. §§ 1334, 157(a); 11 U.S.C. § 523; General Order No. 182 of the U.S. District Court for the Eastern District of California. That jurisdiction extends to "all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).

In matters within the court's jurisdiction, the court's adjudicatory authority is classified into matters that are core and non-core. Matters "arising under" and "arising in" a case under title 11 are core, and matters that are "related to" are non-core.

Bankruptcy courts may enter final orders and judgments over matters that are both statutorily and constitutionally core. 28

U.S.C. § 157(b)(1); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). Absent consent of the parties, bankruptcy courts may not finally determine matters that are non-core. 28 U.S.C. § 157(c).

Adversary proceedings to except a debt from discharge are core proceedings for which the court may enter final orders and judgments. 28 U.S.C. § 157(b)(2)(i); *Carpenters Pension Trust Fund for N. Cal. v. Moxley*, 734 F.3d 864, 868 (9th Cir. 2013) (11 U.S.C. § 523(a)(4)); *Deitz v. Ford (In re Deitz)*, 469 B.R. 11, 16 (9th Cir. BAP 2012), aff'd, 760 F.3d 1038 (9th Cir. 2014) (11 U.S.C. § 523(a)(2)). By implication, that authority extends to fee motions flowing from those adversary proceedings. Fed. R. Bankr. P. 7054(b)(2).

Even if the claims in this adversary proceeding were non-core, the parties consented to their resolution by this Court. With express or implied consent of the parties, a bankruptcy court may issue final orders and judgments in non-core matters. 11 U.S.C. § 157(c)(1), (2); *Wellness Int'l*, 135 S. Ct. at 1932. Here, the parties so consented. Status Conf. Hr'g, Sept. 25, 2014.

## DISCUSSION

### I. Legal Standards

In most instances, a prevailing litigant may not recover attorney's fees from the other party. *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983); *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448 (2007) (applying the rule in bankruptcy). Three exceptions to the rule exist, allowing the prevailing party to recover attorney's fees: (1) when an enforceable contract provides

for the recovery of attorney's fees, *Travelers*, 549 U.S. at 448; *Penrod v. AmeriCredit Fin. Servs., Inc. (In re Penrod)*, 2015 WL 5730425 (9th Cir. Oct. 1, 2015); (2) when the court exercises its equitable powers to award fees when a party has willfully disobeyed a court order, acted in bad faith or vexatiously, or has conferred a substantial and direct benefit on a class of individuals by that party's litigation efforts, *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 45 (1991); or (3) where a statute shifts fees to the losing party, *United States v. Standard Oil Co. of Cal.*, 603 F.2d 100, 103 (1979).

A party's claim for attorney's fees based on a statute or contract must be made by post-trial motion. Fed. R. Civ. P. 54(d)(2)(A), *incorporated by* Fed. R. Bankr. P. 7054(b)(2). The party seeking the fee award bears the burden of proof. *Diamond v. John Martin Co.*, 753 F.2d 1465, 1467 (9th Cir. 1985) (applying California law); *Fed-Mart Corp. v. Price*, 111 Cal. App. 3d 215 (1980).

## II. Procedural Objections

### A. Timeliness of the Motion

Rule 54 provides that "unless a statute or court order provides otherwise," a motion for attorney's fees must be filed within 14 days of the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B), *incorporated by* Fed. R. Bankr. P. 7054(b)(2).

Local rules providing litigants a longer period of time to file such a motion are "court order[s] to the contrary." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (per curiam); *see Eastwood v. Nat'l Enquirer, Inc.*, 123 F.3d 1249, 1257 (9th Cir. 1997); *Walker v. City of Bogalusa*, 168 F.3d 237, 239 (5th Cir. 1999).

By local rule, this court has extended time to file a motion for fees to 28 days after the entry of final judgment. L.R. 293, *incorporated by* LBR 1001-1(c). Since Jones's motion for attorney's fees was filed 27 days after the entry of judgment in this proceeding, it is timely.

### B.    Prejudice from the Lack of Grounds for the Motion

A motion for attorney's fees must specify the grounds entitling the movant to recover fees. Rule 54(d)(2)(B)(ii), *incorporated by* Fed. R. Bankr. P. 7054(b)(2)(A). Hurtado correctly points out that the motion fails to specify such grounds. *See* Pl.'s Mot. for Award of Attorney's Fees, filed June 14, 2015, ECF No. 323.

But Jones's failure to do so is not fatal in this case. Rule 54(d)(2)(B)'s requirement that the motion state "the statute, rule, or other grounds entitling the movant to the award" is very similar to the requirement that motions "state with particularity the grounds for seeking the order" and "state the relief sought." Fed. R. Civ. P. 7(b). Cases construing Rule 7(b) hold that the particularity requirement is satisfied "when no party is prejudiced by a lack of particularity or when the court can comprehend the basis for the motion and deal with it fairly." *Registration Control Sys., Inc. v. Compusystems, Inc.*, 922 F.2d 805, 807-08 (Fed. Cir. 1990); *Crowl v. M. Chin Realty Trust*, 607 F. Supp. 2d 245, 246 (D. Mass. 2009).

Here, Hurtado's arguments in opposition to the motion acknowledge that Jones relied on the terms of the settlement agreement as the basis for her claim for attorney's fees. Hurtado's opposition recognizes that the settlement agreement, and not the construction agreement, forms the basis of Jones's request for

attorney's fees. See Def.'s Opp'n to Pl.'s Mot. for Award of Attorney's Fees at 4:22-23; see also Def.'s Surreply in Opp'n to Pl.'s Reply Ex. A. at 2:5, filed July 23, 2015, ECF No. 362. Moreover, Jones's reply rectifies her error and makes clear the basis of her claim. Reply to Def.'s Opp'n to Pl.'s Mot. Award of Attorney's fees at 3:5-10, filed July 16, 2015, ECF # 351. But because Hurtado's opposition accurately identifies the grounds for Jones's claim for attorney's fees, Hurtado has not been prejudiced.

## IV. Claim for Attorney's Fees

Jones's entire claim for attorney's fees hinges on a phrase in a settlement agreement that the parties had entered to resolve their disputes arising before Hurtado's bankruptcy filing and this adversary case. In the phrase, Hurtado agrees to "repay . . . [Jones's] legal fees (approximately $30,000 to date), with interest."[1] The interpretive question is whether the phrase is (i) a fee-shifting clause applicable to enforcement or litigation of the settlement agreement itself (that could shift the cost of litigating the nondischargeability claims in this adversary case), or (ii) merely a central component of the parties' bargained-for, settlement exchange

---

[1] While the construction contract did contain an attorney's fees clause, Jones may not rely on it as a basis for her attempt to recover fees from Hurtado. At the outset, motions for attorney's fees must specify the basis for such an award. Fed. R. Civ. P. 54(d)(2)(B)(ii). And Jones did not contend that her right to recover attorney's fees arose from the construction contract. Moreover, fees are typically recoverable only for actions "on a contract," and Jones's adversary proceeding was not on a contract to which Hurtado, personally, was a party. Further, with exceptions not applicable here, it is only *signatories* to an agreement containing an attorney's fees clause that may be compelled to pay a prevailing party's attorney's fees. See generally Pearl, *California Attorney Fee Awards* § 4.39 et seq. (3rd ed. CEB 2015). Hurtado in his individual capacity was not a signatory to the construction contract.

applicable to attorney's fees Jones had already incurred in the legal dispute leading up to the settlement.

State, not federal, law governs the construction of contractual provisions providing for recovery of attorney's fees. *Matter of Sheridan*, 105 F.3d 1164, 1167 (7th Cir. 1997); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the award and the reasonableness of fees awarded where state law provides the rule of decision.")

The primary goal in contract interpretation is to effect the parties' mutual intent. Cal. Civ. Code § 1636. "In undertaking this function, a court generally looks to 'objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.'" *De Anza Enters. v. Johnson*, 104 Cal. App. 4th 1307, 1315 (2002) (citation omitted).

Where, as here, a contract is capable of two different but reasonable interpretations, it is ambiguous. *Transamerica Ins. Co. v. Super. Ct.*, 29 Cal. App. 4th 1705 (1994). Fundamental principles of contract interpretation preponderate in favor of Hurtado on the issue of whether the phrase used was an attorney's fees clause. At the outset, the words used, and the words not used, suggest a meaning other than an attorney's fees clause to be invoked by a future prevailing party who litigated a claim based on the agreement. Missing is the familiar incantation, "In the event of litigation between the parties to enforce this contract, the prevailing party

shall be entitled to reasonable attorney's fees" or similar language. Jones, who drafted the verbiage, is a sophisticated businesswoman, and Hurtado is schooled in the law. Unquestionably, each must be familiar with such clauses. Had they intended a provision that would shift the financial burden of future litigation over the settlement agreement itself, they would have used the words similar to the typical phraseology for a contractual attorney's fees clause, which words would have specifically referenced the contractual disputes or litigation to which the provision applied. But more importantly, the existence of a present promise to "repay," including an estimation of amount ($30,000), reveals the parties' intent that the provision operate as Hurtado's bargained-for promise to *repay* attorney's fees that Jones had already incurred in the legal dispute leading up to the settlement.

Next, the court considers the context of the provision for fees. The settlement agreement was intended as a global resolution of hostilities, which included a stipulated judgment. *Jones v. Hurtado (In re Hurtado)*, No. 11-1102, 2015 WL 5731273 *17(Bankr. E.D. Cal. Sept. 28, 2015). At the time of settlement, the parties did not anticipate further litigation over the settlement itself. This supports the conclusion that the provision was part of the exchanges of value made under the settlement agreement rather than a cost-shifting mechanism that would operate in future disputes over the settlement agreement itself.

Lastly, the court applies the interpretive principle that ambiguous terms in a contract should be construed against the party who created the ambiguity. Cal. Civ. Code § 1654; *Crillo v. Curtola*,

11

91 Cal. App. 2d 263 (1949) (letter agreement). Jones, not Hurtado, drafted the language on which Jones now relies. Jones thus created the ambiguity as to "legal fees," so the court will construe the provision against her, rejecting an interpretation that would make the phrase applicable to litigation of disputes over the settlement agreement. As a consequence, the court finds that the parties did not intend to create an attorney's fees clause. Lacking a recognized basis to shift the financial cost of litigation to Hurtado, the motion fails.

## CONCLUSION

For each of these reasons, Jones has not sustained her burden of proof. The motion will be denied.[2] The court will issue a separate order.

Dated: November 6, 2015

_____
Fredrick E. Clement
United States Bankruptcy Judge

---

[2] Jones could have requested legal fees as a component of the debt created by the settlement agreement. Fed. R. Civ. P. 54(d)(2)(A), *incorporated by* Fed. R. Bankr. P. 7054(b)(2)(A) ("A claim for attorney's fees and related nontaxable expenses must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages."). But she neither offered evidence as to the amount of these fees, nor argued for an award of the $30,000.00 in her post-trial brief. Pl.'s Post-Trial Brief at 9:26-10:2, filed Jan. 28, 2015, ECF No. 298. Instead, she made a nonspecific request. "Plaintiff also requests her legal fees which have been significant because of Defendant's many roadblocks, including his personal bankruptcy that have [sic] prevented Jones from timely resolving this matter." *Id.*

## Instructions to Clerk of Court

## Service List

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below.  The Clerk of Court will send the Order via the BNC or, if checked ____, via the U.S. mail.

    Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ____X____ Other Persons Specified Below:

Scott R. Burton, Esq.
574 S. Rancho Santa Fe Rd.
San Marcos, CA 92078

Henry P. Friesen, Esq.
7545 Irvine Center Dr. #200
Irvine, CA 92618

Patti M. Jones
P. O. Box 9834
Rancho Santa Fe, CA 92067

Brian P. Moquin, Esq.
3506 La Castellet Ct.
San Jose, CA 95148